IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VERNON P. TURNER,**

**Plaintiff,**

v.                                                                                          CASE NO. 23-3160-JWL

**TRAVIS SOWERS, ET AL.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Vernon P. Turner initiated this matter by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) He has also filed a motion for leave to proceed in forma pauperis (Doc. 2), which will be granted. The Court has conducted an initial review of the complaint and identified certain deficiencies therein, which are set forth below and which leave the complaint subject to dismissal in its entirety. Accordingly, Plaintiff will be directed to file a complete and proper amended complaint that cures the deficiencies identified in this order.

**I. Nature of the Matter before the Court**

Plaintiff names as Defendants Captain Travis Sowers of the Kingman, Kansas Police Department (KPD), the KPD itself, and the City of Kingman, Kansas (the City). (Doc. 1, p. 1-2.) As the factual basis for this complaint, Plaintiff alleges that on April 27, 2018, Defendant Sowers interviewed Andrew J. Knudson. *Id.* at 2. On May 11, 2018, Defendant Sowers submitted an application for an arrest warrant for Plaintiff and an affidavit in support that omitted material and factual information and contained deliberate, false, and misleading statements, including the deliberate misrepresentation of material information. *Id.* In addition, the affidavit did not correctly recite statements Mr. Knudson made in the aforementioned interview; Plaintiff asserts this was a knowing

1

effort to mislead the magistrate judge into issuing an unsupported arrest warrant. *Id.* at 3. Plaintiff was arrested on May 14, 2018 and criminally charged in case number 2018-CR-0076. *Id.* at 2. On May 2, 2023, Petitioner posted bond. *Id.* He alleges that he therefore was held in pretrial detention for 1,814 days. *Id.* at 3. As relief, Plaintiff seeks $5,000,000.00 for pain and suffering, emotional distress, lost wages, and loss of property caused by his allegedly unlawful confinement. *Id.* at 3-4.

## II. Screening Standards

Because Plaintiff will be granted leave to proceed in forma pauperis, "the litigation process begins with the court screening his complaint." *See Murnahan v. Roberts*, 2011 WL 1793801, *1 (D. Kan. May 11, 2011) (unpublished memorandum and order). This is because under 28 U.S.C. § 1915(e)(2), this court must dismiss a case proceeding in forma pauperis "at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A review of the complaint in this matter reveals that Plaintiff has failed to state a claim on which relief may be granted.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

### III. Discussion

The Tenth Circuit has explained that "[o]ur first task in any § 1983 suit alleging a constitutional violation is 'to isolate the precise constitutional violation with which [the defendant] is charged.'" *Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (unpublished) (quoting *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010)). Although Plaintiff generally asserts that Defendant Sowers "did knowingly, willingly with malice and aforethought Violate Petitioners [*sic*] Constitutionally granted and protected rights," at no point in the complaint does Plaintiff more specifically identify a constitutional provision that was violated. (*See* Doc. 1, p. 2.) The sole claim for relief focuses on the accuracy and validity of the affidavit submitted in support of an application for a warrant to arrest Plaintiff, which could constitute a claim under the Fourth Amendment. *See id.* at 2. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."). As stated above, however, the Court "will not . . . construct a legal theory on plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74. Accordingly, in the amended complaint,

3

Plaintiff must clearly identify the constitutional violation he believes occurred.

In addition, this action is subject to dismissal as it is brought against the KPD. The police department of a city "is not a separate suable entity." *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985). Rather, it is a "subunit" of the city and, as such is not amenable to being sued. *See Whayne v. Kansas*, 980 F. Supp. 387, 391 (1997) ("As for the Topeka Police Department, it is only a subunit of city government and, therefore, is not a governmental entity subject to suit." (Citations omitted)); *Lipsey v. Wichita Police Dept.*, 2023 WL 2951560, *4 (D. Kan. April 14, 2023) (unpublished) ("Wichita Police Department is a subunit of the City of Wichita, and not a separate entity that is subject to suit."). Thus, the KPD is subject to dismissal because it is a subunit of the City and is not a suable entity.

This action is subject to dismissal as it is brought against the City because Plaintiff fails to allege facts that support a plausible claim for municipal liability. "A municipality is not directly liable for the constitutional torts of its employees." *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Rather, a municipality or city may be liable under 42 U.S.C. § 1983 only when it has deprived a person of his constitutional rights or has caused a person to be subjected to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). In other words, each "defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

A "[c]ity may be liable under *Monell* if it executes an unconstitutional policy or custom, or a facially constitutional policy that causes a constitutional violation." *Finch*, 38 F.4th at 1244; *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). In addition, municipal liability may be based on decisions made by employees with final policymaking authority that are relied upon by subordinates or on a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175,

4

1188-89 (10th Cir. 2010). The complaint now before the Court does not allege a failure to train or supervise, nor does it allege that the underlying events were related to any municipal policy or custom. Thus, even when all the facts alleged in the complaint are taken as true and are liberally construed in the light most favorable to Plaintiff, the complaint does not allege a plausible claim for municipal liability, which means that Plaintiff has failed to state a plausible claim against the City.

In summary, Defendant Sowers is subject to dismissal because the complaint does not specifically identify the constitutional provision Plaintiff believes Defendant Sowers violated. The KPD is subject to dismissal because as a subunit of the City, it is not a suable entity. The City is subject to dismissal because Plaintiff has failed to allege facts sufficient to support a plausible claim of municipal liability. Thus, this action is subject to dismissal in its entirety.

Plaintiff is therefore given to and including August 7, 2023 to file a complete and proper amended complaint that cures all the deficiencies discussed herein. In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not simply refer an earlier pleading; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (23-3160) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint, including dates, locations, and circumstances. If Plaintiff wishes to pursue a claim for municipal liability, he must allege sufficient facts to identify a

municipal policy or custom, to show that the City was deliberately indifferent to constitutional violations that were the obvious consequence of the policy, and to show that the policy directly caused Plaintiff's constitutional injury.

If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required initial screening and issue further orders as necessary. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 2), is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **August 7, 2023**, to submit a complete and proper amended complaint that cures the deficiencies identified in this order. The failure to timely file an amended complaint will result in this matter being dismissed without further prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:   This 6th day of July, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge