**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**VERNON P. TURNER,**

**Plaintiff,**

**v.** **CASE NO. 23-3160-JWL**

**TRAVIS SOWERS, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Vernon P. Turner initiated this matter by filing a pro se complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court reviewed the complaint and identified deficiencies that left the complaint subject to dismissal in its entirety. Thus, on July 6, 2023, the Court issued a memorandum and order (M&O) identifying the deficiencies and granting Plaintiff time to file an amended complaint that cures those deficiencies. (Doc. 3.) The matter comes now before the Court on Plaintiff's amended complaint. (Doc. 4.)

### I. Nature of the Matter before the Court

In the amended complaint, Plaintiff names as Defendants the City of Kingman, Kansas (the City) and Captain Travis Sowers of the Kingman Police Department. (Doc. 4, p. 1-2.) As the factual basis for this complaint, Plaintiff alleges that on April 27, 2018, Defendant Sowers interviewed Andrew J. Knudson and, during that interview, Mr. Knudson produced an email that Plaintiff describes as "exculpatory" and which Plaintiff contends rebutted other statements made by Mr. Knudson during the interview. *Id.* at 3-4. Defendant Sowers "deliberately failed to preserve the email." *Id.* at 3.

Plaintiff also alleges that during the interview, Mr. Knudson made multiple contradictory

statements that Defendant Sowers failed to investigate or attempt to corroborate. *Id.* at 4. Plaintiff contends that Defendant Sowers had the contact information for another witness who had relevant information regarding the veracity of Mr. Knudson's statements, but Defendant Sowers did not contact that individual. *Id.* at 4-5. Instead, according to Plaintiff, Defendant Sowers prepared and submitted an affidavit in support of a request for a warrant to arrest Plaintiff. The affidavit omitted material facts, contained deliberately false and misleading statements, deliberately misrepresented material information, and did not correctly reflect Mr. Knudson's statements. *Id.* at 2-3. Plaintiff alleges that the affidavit was drafted "in an effort specifically designed to mislead the [m]agistrate into issuing an [a]rrest [w]arrent the [m]agistrate would not have issued otherwise." *Id.* at 3. The arrest warrant issued and Plaintiff was arrested on May 14, 2018 and charged under case number 2018-CR-76. *Id.* at 2. Plaintiff alleges that he was released on pretrial bond in May 2023.[1] *Id.*

As Count I of the amended complaint, Plaintiff alleges that Defendant Sowers violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution when he prepared and submitted the affidavit in support of his application for the arrest warrant. *Id.* at 2-3. As Count II, Plaintiff alleges that Defendant Sowers violated his rights under the Fourth and Fourteenth Amendments by failing to preserve the email Mr. Knudson produced during the interview on April 27, 2018. *Id.* at 3. As Count III, Plaintiff alleges that Defendant Sowers violated his rights under the Fourth and Fourteenth Amendments by failing to investigate after Mr. Knudson made contradictory statements during the interview. *Id.* at 4-5. As relief, Petitioner seeks $5,000,000.00. *Id.* at 7.

---

[1] The records of the Kingman County District Court reflect that in February 2023, in case number 2018-CR-76, Plaintiff pled no contest to and was convicted of one count of furnishing alcohol to a minor for illicit purposes. He was sentenced on May 17, 2023 to probation with an underlying sentence of 13 months imprisonment, to be served consecutively to sentences imposed in two other state criminal cases. *See* Kansas v. Turner, Case No. 2018 CR 76, Journal Entry of Judgment, signed July 19, 2023, available through the Kansas District Court Public Access Portal. For the purposes of this order, however, Plaintiff's status as a pretrial detainee or a convicted prisoner is irrelevant.

## II. Screening Standards

Because Plaintiff proceeds in forma pauperis, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from

conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

**III. Discussion**

This action is subject to dismissal as it is brought against the City because the amended complaint continues to fail to allege facts that support a plausible claim for municipal liability. As explained in the M&O:

> "A municipality is not directly liable for the constitutional torts of its employees." *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Rather, a municipality or city may be liable under 42 U.S.C. § 1983 only when it has deprived a person of his constitutional rights or has caused a person to be subjected to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). In other words, each "defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).
>
> A "[c]ity may be liable under Monell if it executes an unconstitutional policy or custom, or a facially constitutional policy that causes a constitutional violation." *Finch,* 38 F.4th at 1244; *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). In addition, municipal liability may be based on decisions made by employees with final policymaking authority that are relied upon by subordinates or on a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188-89 (10th Cir. 2010).

(Doc. 3, p. 4-5.)

In the amended complaint, Plaintiff included a section that asserts that the City: (1) is responsible for training and supervising Defendant Sowers, (2) has final policy making authority relied upon by subordinates, (3) "failed to train and/or supervise employees," (4) has shown deliberate indifference to injuries caused by its failures, (5) has a custom of not properly training

or supervising its employees, and (6) has a personal bias against Plaintiff ("by and through the Chief of the Kingman City Police) and a personal interest in seeing Plaintiff arrested and charged. (Doc. 4, p. 5.) But the amended complaint does not specifically identify the particular failure in training or supervision, identify the relevant custom or policy, or explain how the City has shown deliberate indifference. As noted above and in the M&O, stating a plausible claim for relief requires more than conclusory allegations and Plaintiff cannot rely only upon allegations "so general that they encompass a wide swath of conduct, much of it innocent." (*See* Doc. 3, p. 2-3.) Plaintiff has again failed in the amended complaint to allege sufficiently specific facts to support a plausible claim for relief against the City.

Similarly, Plaintiff's allegations against Defendant Sowers remain too conclusory for the Court to determine whether Plaintiff has a plausible claim against him. In Count I, Plaintiff alleges that the affidavit supporting the request for a warrant to arrest Plaintiff omitted material and factual information, contained deliberately false and misleading statements, deliberately misrepresented material information, and misrepresented Mr. Knudson's statements to Defendant Sowers. (Doc. 4, p. 2-3.) But the amended complaint does not specifically identify or provide further detail about any of these alleged defects. Likewise, in Count II, Plaintiff alleges that "[e]vidence has been shown that the [email] in question was [e]xculpatory," *id.* at 3, but the Court has no such evidence before it and Plaintiff describes neither the evidence or the contents of the email in question. And in Count III, Plaintiff refers generally to "contradictory statements that warranted closer scrutiny," *id.* at 4, but does not identify or describe any of the statements.

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.) The currently operative amended complaint fails to allege sufficient specific facts to support a plausible claim for relief.

**IV. Second Amended Complaint Required**

Plaintiff will be given a final opportunity to file a complaint—his second amended complaint—that alleges sufficient facts to support a plausible claim for relief against all named defendants. The second amended complaint will not supplement the original or amended complaint; it will completely replace them. Therefore, any claims or allegations not included in the second amended complaint are no longer before the Court. Plaintiff may not merely simply refer to an earlier pleading; the second amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial or amended complaint.

Plaintiff must write the number of this case (23-3160) at the top of the first page of his second amended complaint. He must name each defendant in the caption and again refer to each defendant in the body of the second amended complaint. In each count of the second amended complaint, Plaintiff must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficiently specific facts to show that each defendant personally participated in at least one of those violations. Plaintiff must include dates, locations, and circumstances of each alleged violation. If Plaintiff wishes to pursue a claim for municipal liability, he must allege sufficient facts to identify the policy, custom, or failure at issue in this matter.

If Plaintiff timely files a second amended complaint, the Court will conduct the statutorily required initial screening and issue further orders as necessary. If he fails to timely file a second amended complaint, the Court will proceed on the currently operative amended complaint, which

will be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including September 11, 2023, to file a complete and proper second amended complaint to cure all the deficiencies discussed herein. The failure to timely file a second amended complaint will result in this matter being dismissed without further prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED: This 10th day of August, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge