IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VERNON P. TURNER,**

    **Plaintiff,**

    v.                                                  CASE NO. 23-3160-JWL

**TRAVIS SOWERS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Vernon P. Turner initiated this matter by filing a pro se complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court reviewed the complaint and identified deficiencies that left it subject to dismissal in its entirety. Thus, on July 6, 2023, the Court issued a Memorandum and Order (M&O) identifying the deficiencies and granting Plaintiff time to file an amended complaint that cured them. (Doc. 3.) Plaintiff timely filed an amended complaint. (Doc. 4.)

The Court reviewed the amended complaint and concluded that it continued to suffer from some of the same deficiencies as the initial complaint, namely a failure to allege sufficient facts to support a plausible claim against either named Defendant. Thus, on August 10, 2023, the Court issued a second M&O identifying the deficiencies in the amended complaint and granting Plaintiff a final opportunity to file a complaint that cures the deficiencies. (Doc. 5.) The second M&O set the deadline for filing of the second amended complaint as September 11, 2023, and cautioned Plaintiff that "the failure to timely file a second amended complaint will result in this matter being dismissed without further prior notice to Plaintiff." *Id.* at 7. Plaintiff has not filed a second amended complaint in this matter, nor has he filed anything further.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order." *Young v. U.S.*, 316 F. Appx. 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Young*, 316 F. Appx. at 771–72 (citations omitted).

The time in which Plaintiff was required to file a second amended complaint has passed without Plaintiff doing so. As a consequence, the Court concludes that this action should be dismissed without prejudice pursuant to Rule 41(b) for failure to comply with a court order. In addition, this action is subject to dismissal in the alternative for failure to state a claim on which relief can be granted, for the reasons set forth in the Court's previous memorandum and order (Doc. 5).

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** for failure to state a claim on which relief can be granted and, in the alternative, for failure to comply with a court order.

**IT IS SO ORDERED**.

Dated on this 18th day of September, 2023, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge